United States District Court
Southern District of Texas
**ENTERED**
September 22, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SILVERTHORNE SEISMIC, LLC, § § *Plaintiff*, § § v. § § STERLING SEISMIC SERVICES, LTD., § D/B/A STERLING SEISMIC & RESERVOIR § SERVICES, § § *Defendant*. § | CIVIL ACTION H-20-2543 |

## MEMORANDUM OPINION AND ORDER

Pending before the court are defendant Sterling Seismic Services, Ltd. d/b/a Sterling Seismic & Reservoir Services' ("Sterling") motion to exclude the opinions of a designated expert (Dkt. 52), plaintiff Silverthorne Seismic, LLC's ("Silverthorne") motion to amend its expert witness designation (Dkt. 56), and Silverthorne's motion for leave to file a second amended complaint (Dkt. 71). After reviewing the motions, responses, replies, applicable local rules, and applicable law, the court is of the opinion that Sterling's motion to exclude the opinions of the designated expert should be GRANTED, and Silverthorne's motions to amend its expert witness designation and for leave to file an amended complaint should be DENIED.

### I. BACKGROUND

This case concerns Sterling's alleged disclosure of Silverthorne's seismic data to Casillas Petroleum Resource Partners II, LLC ("Casillas"). Dkt. 13. The deadline for Silverthorne to disclose expert witnesses was February 1, 2021. Dtk. 25. On February 1, Silverthorne designated Suhkev Hyare ("Hyare") as an expert witness. Dkt. 52. Hyare was deposed on February 23, 2021. Dkt. 52, Ex. 1. Silverthorne's owner, Bart Wilson ("Wilson"), was not designated as an expert

witness. Dkt. 65. Wilson was deposed as a fact witness on April 1, 2021. Dkt 51, Ex. 7. Discovery closed on May 28, 2021, and the deadline for dispositive motions was June 4, 2021. Dkt. 31. Sterling filed its first motion for partial summary judgment on May 4, 2021. Dkt. 34. Sterling filed its second motion for partial summary judgment on June 4, 2021. Dkt. 51. Silverthorne also filed a motion for partial summary judgment on June 4, 2021. Dkt. 53. The instant motions were filed on or after June 4, 2021, after the close of discovery and with all three motions for partial summary judgment pending. *See* Dkts. 52, 56, 71.

## II. LEGAL STANDARD

### A. Unopposed Motions

Under Local Rule 7.4, responses to a motion "[m]ust be filed by the submission day." S.D. Tex. L.R. 7.4. "Failure to respond will be taken as a representation of no opposition." *Id.*

### B. Leave to Amend the Scheduling Order

"[A] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S & W Enters., L.L.C. v. SouthTrust Bank of Ala. N.A.*, 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A Charles Alan Wright et al., *Federal Practice and Procedure* § 1522.1 (2d ed. 1990)).

### C. Leave to Amend the Pleadings

Rule 16(b) also governs an amendment to the pleadings after a court's scheduling order deadline has expired. *Id.* at 536. "Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply." *Id.* The Fifth Circuit considers four factors when determining whether the moving party has established good cause to

amend the pleadings: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.*

### III. ANALYSIS

**A. Sterling's Motion to Exclude the Opinions of Hyare**

Silverthorne designated Hyare as an expert witness. Dkt. 52. After Hyare was deposed, Sterling filed a motion to exclude Hyare's opinions regarding Silverthorne's injury and damages. *Id.* Silverthorne filed no response and instead filed a motion to amend its designation of expert witnesses. *See* Dkt. 56. Under Local Rule 7.4, "[f]ailure to respond will be taken as a representation of no opposition." S.D. Tex. L.R. 7.4. Therefore, the court deems this motion unopposed. Sterling's motion to exclude Hyare's opinions on Silverthorne's injuries and damages is GRANTED.

**B. Silverthorne's Motion to Amend Its Expert Witness Designation**

The deadline for Silverthorne to disclose expert witnesses was February 1, 2021. Dtk. 25. Silverthorne did not identify Wilson as an expert witness. Dkt 56 ¶ 4. Instead, Silverthorne identified Wilson as a fact witness and expects him to give opinion testimony regarding damages and injury under Federal Rule of Evidence 701 based on personal knowledge obtained as Silverthorne's owner. *See* Dkt. 56 ¶¶ 2, 9. Four months after the deadline, Silverthorne filed the instant motion seeking leave to designate Wilson as an expert witness "in an abundance of caution" while maintaining its original position that expert witness status is not required for Wilson to provide opinion testimony. Dkt. 56 ¶ 9.

3

Silverthorne must show that the deadline could not "reasonably be met despite [its] diligence" in order to modify its expert witness designation after the deadline. *See S & W Enters.*, 315 F.3d at 535. Silverthorne has not been diligent. It seeks this amendment after the close of discovery and with multiple dispositive motions pending. Any need for an "abundance of caution" existed long before this late date. Therefore, Silverthorne's motion to amend its expert witness designation is DENIED.

## C. Silverthorne's Motion for Leave to File a Second Amended Complaint

Silverthorne also seeks leave to file a second amended complaint adding Casillas as a defendant. Dkt. 71. Silverthorne must show that it has good cause under Rule 16(b) to amend the pleadings before the court considers the more liberal standard in Rule 15(a). *See S & W Enters.*, 315 F.3d at 536. There are four factors to consider when determining whether there is good cause to amend the pleadings: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.* Three of these factors weigh against a finding of good cause.

Silverthorne's explanation for its failure to timely join Casillas as a defendant is that the report of Sterling's expert witness, Dr. Huffman, was not received until March 1, 2021. Dkt. 71 ¶ 11. Silverthorne argues that the report shows, for the first time, that Sterling plans to defend by arguing Casillas is liable for Silverthorne's injuries. *Id.* This explanation is inadequate because Sterling has never presented such an argument. *See* Dkts. 57, 78. Further, Silverthorne does not explain its lack of diligence in waiting over four months after receiving the report and letting the discovery deadline pass before requesting leave to amend. *See* Dkt. 71. Instead, it

appears Silverthorne's motivation is to reopen discovery so it may "fully discover the facts." Dkt. 71 ¶ 14. This motion was filed more than a month after the close of discovery. *See* Dkt. 31, 71. Silverthorne had its chance to build a case against its chosen defendant, relied on that case for its own motion for partial summary judgment (Dkt. 53), and offers no adequate explanation to justify further delay. Thus, the first factor weighs against a finding of good cause.

Sterling would suffer prejudice in the form of additional delays and costs. The deadlines for discovery and dispositive motions have passed. *See* Dkt. 31. There are multiple, fully-briefed motions for partial summary judgment currently pending. Dkts. 34, 51, 53. Allowing the introduction of another defendant at this late stage would require re-opening discovery and likely result in further motion practice imposing additional costs that a continuance could not cure. Thus, the third and fourth factors also weigh against a finding of good cause.

Therefore, Silverthorne's motion for leave to file a second amended complaint is DENIED.

### IV. Conclusion

Sterling's motion to exclude the opinions of Hyare on injuries and damages (Dkt. 52) is GRANTED. Silverthorne's motions to amend the expert witness designation (Dkt. 56) and for leave to file an amended complaint (Dkt. 71) are DENIED.

Signed at Houston, Texas on September 21, 2021.

_____
Gray H. Miller
Senior United States District Judge